IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARGARET CASEY HENDRICKSON )
)
v. )
) Civil Action No. 13-1074
CAROLYN W. COLVIN, )
ACTING COMMISSIONER OF )
SOCIAL SECURITY )

MEMORANDUM AND ORDER OF COURT

On July 24, 2013, Margaret Casey Hendrickson ("plaintiff"), proceeding pro se, filed a complaint against defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, for review of a final decision denying her application for social security disability insurance benefits and supplemental security income. The docket in this case reflects that no summons was ever issued, thus defendant has never been served with a copy of the summons and plaintiff's complaint.

According to Federal Rule of Civil Procedure 4(b), after a complaint is filed, the plaintiff may present a summons to the clerk of court for signature and seal, and, if the summons is properly completed, the clerk must sign, seal and issue it to the plaintiff for service on the defendant. As stated, there is no indication in this case that plaintiff obtained a summons for service upon defendant.

We are mindful that, as a pro se litigant, plaintiff has less familiarity with the Federal Rules of Civil Procedure than a plaintiff who is represented by counsel. However, all litigants must comply with the Rules regardless of whether they are represented by counsel. See Sykes v. Blockbuster Video, 204 Fed. Appx. 961, 963 (3d Cir. 2006) (stating that "a litigant's compliance

with the Federal Rules of Civil Procedure is expected whenever he or she files a law suit in federal court" and observing that such compliance is expected of all litigants "whether they are represented by counsel or not"). Moreover, even though plaintiff proceeded pro se, she had access to a document entitled "Pro Se Package - A Simple Guide to Filing a Civil Action," which is readily available to the public at the Clerk's Office or on the court's official website, to guide ger through the process of filing a complaint, the forms that must be completed and submitted with the complaint, including a summons, and completing service on defendant.

In addition to obtaining a summons, "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." See Fed.R.Civ.P. 4(c)(1). In turn, Rule 4(m) requires that a defendant be served "within 120 days after the complaint is filed." Rule 4(l) dictates that proof of service must be made to the court.

The period allowed for plaintiff to serve the summons and complaint expired on November 21, 2013, which was 120-days after the filing of the complaint on July 24, 2013. As of the date of this order, nearly 11 months after the expiration of the allowable time, the record contains no proof that service has been made.

Rule 4(m) provides that if a defendant is not served within 120 days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice or order that service be made within a specified time. However, if the plaintiff shows good cause for the failure, the court must extend the time for service for "an appropriate period."

Accordingly, the court will enter an order that, no later than October 24, 2014, plaintiff must either provide proof of service of the summons and complaint or provide, in writing, good cause for not yet having effectuated service. If good cause is established the court *briefly* will

2

AO 72
(Rev. 8/82)

extend the time for service. If proof of service is not made to the court by October 24, 2014, or good cause is not established, this action will be dismissed without prejudice.[1]

An appropriate order follows.

Dated: October 8, 2014

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

---

[1] If plaintiff no longer intends to pursue this action, she also may file a notice of voluntary dismissal under Fed.R.Civ.P. 41(a)(1)(A) at any time prior to October 24, 2014.

3

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARGARET CASEY HENDRICKSON, )
)
)
v. )
) Civil Action No. 13-1074
CAROLYN W. COLVIN, )
ACTING COMMISSIONER OF )
SOCIAL SECURITY )

## ORDER OF COURT

AND NOW, this 8th day of October, 2014, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, IT IS ORDERED that no later than October 24, 2014, plaintiff Margaret Casey Hendrickson shall either provide proof of service on defendant of the summons and complaint in this civil action or provide, in writing, good cause for not yet having effectuated service. Should plaintiff fail to provide proof of service, or to establish good cause, by October 24, 2014, this action will be dismissed without prejudice.

                                                                              /s/ Gustave Diamond
                                                                              Gustave Diamond
                                                                              United States District Judge

cc:     Margaret Casey Hendrickson

AO 72
(Rev. 8/82)